Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Fennig;<br><br>　　　　Plaintiff,<br><br>v.<br><br>Midway Chevrolet Company I, LLC;<br><br>　　　　Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**Preliminary Statement**

1. Defendant accessed Plaintiff's credit reports without any legal or permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Defendant also sent Plaintiff's personal information to various banks and lenders causing them to access Plaintiff's credit report.

**Jurisdiction and Venue**

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and

28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), in that the Defendant's conduct complained of occurred within the District.

**Parties**

4. Plaintiff is an individual residing in Maricopa County, Arizona.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Midway Chevrolet I, LLC ("Midway" or "Defendant") is a Delaware limited liability company doing business in Arizona with its principal place of business located at 2323 West Bell Road, Phoenix, Arizona.

7. Midway is in the business of selling and buying new and used automobiles to consumers.

8. Midway is a "person" as defined by 15 U.S.C. § 1681a(b).

**Factual Allegations**

*The Impermissible Access*

9. On or about April 16, 2016, Plaintiff's boyfriend Jerry Griffith went to Midway to inquire about possibly purchasing a truck. Plaintiff did not go with him.

10. After looking at some trucks, Griffith asked the salesman what amount and on what terms he might qualify in purchasing a truck.

11. At no time did Griffith provide Midway with Plaintiff's personal information such as birth date, social security number, etc.

12. A week later, Plaintiff received notice from Bank of the West that she had been denied her "recent request for credit." (A copy of the Bank of the West letter is attached hereto as Exhibit A).

13. The Bank of the West notice stated that that "Application was submitted by: MIDWAY CHEVROLET." (Exhibit A)
14. Shortly after receiving the letter from Bank of the West, Plaintiff obtained copies of her credit reports from the three national consumer reporting agencies, Experian, Trans Union and Equifax.
15. Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681a(f).
16. Trans Union is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681a(f).
17. 23. Equifax is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681a(f).
18. Experian acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.
19. Trans Union acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.
20. Equifax acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.
21. Midway is a subscriber and user of consumer reports issued by Experian.
22. Midway is a subscriber and user of consumer reports issued by Trans Union.
23. Midway is a subscriber and user of consumer reports issued by

      Equifax.

24. Upon review of her Experian report, Plaintiff saw that Midway had made an inquiry on April 16, 2016. (Exhibit B)

25. Upon review of her Trans Union report, Plaintiff saw that Midway had made an inquiry on April 16, 2016. (Exhibit C)

26. Upon review of her Equifax report, Plaintiff saw that Midway had made an inquiry on April 16, 2016. (Exhibit D)

27. To make matters worse, Midway sent Plaintiff's personal information to various banks and lenders, including U.S. Bank.

28. As a result, U.S. Bank pulled Plaintiff's credit report from Experian on April 6, 2016. (Exhibit B)

29. Midway also sent Plaintiff's personal information to Bank of the West.

30. As a result, Bank of the West pulled Plaintiff's credit report from Experian on April 6, 2016. (Exhibit B)

31. Midway sent Plaintiff's personal information to GM Financial.

32. As a result, GM Financial pulled Plaintiff's credit report from Trans Union on April 6, 2016. (Exhibit C)

33. Midway also sent Plaintiff's personal information to Ally Financial, Inc.

34. As a result, Ally Financial, Inc. pulled Plaintiff's credit report from Trans Union on April 6, 2016. (Exhibit C)

35. Midway sent Plaintiff's personal information to Compass Bank Indirect.

36. As a result, Compass Bank Indirect pulled Plaintiff's credit report from Trans Union on April 6, 2016. (Exhibit C)

37. Midway also sent Plaintiff's personal information to BMO Harris BK, N.A.
38. As a result, BMO Harris BK, N.A. pulled Plaintiff's credit report from Trans Union on April 6, 2016. (Exhibit C)
39. The credit reports obtained by Midway and the other banks and lenders are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).
40. At the time the inquires were made, Plaintiff's had not applied for nor sought credit from Midway or any of the other inquiring lenders.
41. At the time the inquires were made, Plaintiff had not submitted a credit application to Midway, nor had she indicated that she was interested in purchasing a vehicle from Midway on credit.
42. At the time the inquires were made, Plaintiff had not given Midway permission to access her credit report for any purpose.
43. At the time the inquires were made, Midway had never conveyed to Plaintiff that it would be requesting a credit report on her.
44. At the time the inquires were made, Midway had never asked Plaintiff for her date of birth or her Social Security Number, nor was this information provided to Midway by Plaintiff.
45. At the time the inquires were made, Plaintiff had not provided Midway with written instructions authorizing Midway to obtain a consumer report on her.
46. At the time the inquires were made, Plaintiff had not made an inquiry about credit, or initiate any credit transaction with Midway.
47. At the time the inquires were made, Plaintiff had no existing business relationship which would have made Midway's inquires permissible

1  under the FCRA.
2  48. At the time the inquires were made, Midway had no legitimate business
3  need for obtaining the three consumer reports on Plaintiff.
4  49. At the time the inquires were made, Midway had no permissible pur-
5  pose as defined by the FCRA for obtaining the three consumer reports
6  on Plaintiff.
7  50. At the time Midway made its inquiries, it knew that it did not have a
8  permissible purpose to access Plaintiff's consumer reports.
9  51. Upon information and belief, Midway obtained and used the personal
10 information on Plaintiff, such as birth date, social security number, etc.,
11 from its records when Plaintiff had purchased a vehicle from Midway
12 in or about July 2015.
13 52. The actions of Midway complained of herein caused harm and damages
14 to Plaintiff within the State of Arizona.
15 53. Midway knew that its actions in obtaining consumer reports on Plain-
16 tiff without a permissible purpose would cause Plaintiff harm and
17 damages.
18 54. At the time Midway made its inquiries, Midway knew that its stated
19 purposes for obtaining Plaintiff's credit reports, that of "Credit Transac-
20 tion," were false.
21 55. Midway accessed Plaintiff's credit information to gain an unfair advan-
22 tage in negotiating with Griffith.
23 56. Upon information and belief, at the time Midway obtained Plaintiff's
24 credit reports on April 16, 2016, Midway had a policy of regularly
25 ignoring the requirements of the FCRA and regularly obtaining credit

1   reports on consumers without permission and without a legally permis-
2   sible purpose.

### Count I.   Violation of FCRA

*Negligently Obtaining Consumer Report Without Permissible Purpose*

57. Plaintiff incorporates the preceding paragraphs.
58. Midway acted negligently in requesting and obtaining Plaintiff's credit reports without a permissible purpose.
59. Midway's conduct in obtaining Plaintiff's credit reports without a permissible purpose violated 15 U.S.C. §1681b(f).
60. As a result of Midway's violation of the FCRA, Plaintiff has suffered an invasion privacy, and other actual damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against defendant Midway as follows:

    a.   pursuant to 15 U.S.C. § 1681*o*(a)(1), award her actual damages, for each impermissible access of her credit report;

    b.   pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action and reasonable attorney fees; and

    c.   grant such other and further relief as the court deems just and proper.

### Count II.   Violation of FCRA

*Willfully Obtaining Consumer Report Without  Permissible Purpose*

61. Plaintiff incorporates the preceding paragraphs.
62. Midway acted willfully in requesting and obtaining Plaintiff's credit reports without a permissible purpose.
63. Midway's conduct in willfully obtaining Plaintiff's credit reports

1 without a permissible purpose violated 15 U.S.C. §1681b(f).

2 64. As a result of Midway's violation of the FCRA, Plaintiff has suffered an invasion privacy, and other actual damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against defendant Midway as follows:

    a. pursuant to 15 U.S.C. § 1681n(a)(1)(A), award her actual damages, or not less than $100 and not more than $1,000 for each impermissible access of her credit report, whichever is greater;

    b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

    c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

    d. grant such other and further relief as the court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  June 1, 2016  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff